# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**STEPHEN MOORE,**

    **Plaintiff,**

v.

**STATE OF OHIO, DEPARTMENT OR REHABILITATION AND CORRECTION,** *et al.*,

    **Defendants.**

Civil Action 2:10-cv-00595
Judge Peter C. Economus
Magistrate Judge E.A. Preston Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Motions for Summary Judgment of Defendants The Ohio Department of Rehabilitation and Correction ("ODRC"), Officer Jeffrey Cavendish, Andrew Eddy, M.D., and Wexford Health Sources, Inc. ("Wexford"). (ECF Nos. 40, 43.) Plaintiff failed to respond in any manner to Defendants' Motions for Summary Judgment. For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motions.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*,[1] brings claims against Defendants pursuant to 42 U.S.C. § 1983 for excessive force and medical indifference to his serious medical needs. Within his Complaint, Plaintiff specifically contends that Defendant Cavendish thrust his head into a window pane causing a contusion to his head. Plaintiff also maintains in his Complaint that Dr. Eddy refused to provide him with proper medical treatment. Plaintiff submits that Defendant

---

[1] Plaintiff is a former inmate of the Noble Correctional Institution.

Wexford is also liable for Dr. Eddy's insufficient treatment.

On June 23, 2011, Defendants Cavendish and the ODRC moved for summary judgment. Defendant Cavendish produced a Declaration in support of the Motion. In his Declaration, Defendant Cavendish states that on May 8, 2010, the day of the alleged incident, he was working in the medical unit. Defendant Cavendish maintains that Plaintiff arrived at the medical unit without authorization, refused to leave the medical unit, and became belligerent when asked to leave. Accordingly, Defendant Cavendish told Plaintiff to put his hand on the wall for handcuffing and Plaintiff complied. Defendant Cavendish states that he then applied handcuffs to Plaintiff following ODRC policy and procedure. Following the handcuffing, Defendant Cavendish asserts that Plaintiff became apologetic and Defendant Cavendish removed the handcuffs. After Defendant Cavendish removed Plaintiff's handcuffs, Plaintiff complied with his request to leave the medical unit. Defendant Cavendish provides that at no time did he strike or use force against Plaintiff during this incident.

Defendants Wexford and Dr. Eddy moved for summary judgment on June 30, 2011. Defendants produced the Affidavit of Thomas Murray, M.D., the Medical Director for the Noble Correctional Institution. The Affidavit of Dr. Murray indicates that he has been licensed to practice medicine in Ohio since 2000 and is Board Certified in both family medicine and addiction medicine. Dr. Murray indicates that he has reviewed Plaintiff's medical records and is familiar with the treatment Plaintiff received in May 2010 regarding his alleged head injury. Dr. Murray states that it is his medical opinion that Defendants Wexford and Dr. Eddy's treatment of Plaintiff was "appropriate and within the standard of care." (Aff. Murray ¶19, ECF No. 43.) Additionally, Dr. Murray opines that Defendant Wexford and Dr. Eddy "did not cause or contribute to any of Mr. Moore's injuries." (*Id.* at ¶ 20.)

Dr. Eddy also submitted an Affidavit in support of the Motion for Summary Judgment. Dr. Eddy indicates that he has been licensed to practice medicine in the state of Ohio since 1983 and is Board certified in internal medicine.[2] Dr. Eddy provides that, in his medical opinion, the treatment Plaintiff received met "the standard of care required of physicians and healthcare providers under like and/or similar circumstances." (Aff. Eddy ¶ 7, ECF No. 43.) According to Dr. Eddy, the treatment of Plaintiff did not cause or further any of Plaintiff's injuries. (*Id.* at ¶ 8.)

Defendants have also produced Plaintiff's medical records in support of their Motions for Summary Judgment. The records reflect that on May 10, 2010, Plaintiff requested medical attention for an injury to his forehead.[3] A registered nurse and Dr. Eddy examined Plaintiff the same day. Dr. Eddy's evaluation revealed a swollen area on Plaintiff's right forehead. Based on his examination Dr. Eddy concluded that there was no need for further treatment and prescribed Plaintiff Tylenol. Dr. Eddy wrote, in his May 10, 2010 treatment notes, that the swelling on Plaintiff's forehead was present on Plaintiff's prior ODRC website photograph. This led Dr. Eddy to conclude that Plaintiff's supposed contusion was "likely a cyst and chronic in nature." (Ex. D 15, ECF No. 43.) Plaintiff's medical records also indicate that he had a pre-existing lump on the right side of his forehead prior to May 8, 2010. (*See* Exs. F, G, ECF No. 43.)

## II. STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[2] Defendant Eddy produced his Curriculum Vitae to support his qualifications.

[3] Plaintiff's medical records indicate that Plaintiff was generally asserting that he struck his head on a window due to an altercation with Defendant Cavendish.

3

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a 'genuine' dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stanberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. ANALYSIS

Defendants maintain that there are no genuine disputes as to material facts in this case. The undersigned agrees. Based on the evidence Defendants have presented, and for the various reasons outlined below, Defendants are entitled to judgment as a matter of law as to all of Plaintiff's claims.

4

A.      **Eleventh Amendment Immunity**

To the extent Plaintiff attempts to bring claims against the ODRC, Eleventh Amendment immunity applies. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State." U.S. Const. amend. XI. Consequently, "[t]he Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) As this Court has recently held, the "ODRC is a state agency and therefore enjoys Ohio's sovereign immunity in federal court, unless waived by the state." *Tackett v. Ohio Dept. of Rehab. & Corr.*, No. 2:10–cv–979, 2011 WL 5076401, at *3 (S.D. Ohio Oct. 25, 2011). "Ohio has not waived its sovereign immunity in federal court." *Id.* The Eleventh Amendment, therefore, bars Plaintiff's claims against the ODRC.

B.      **Excessive Use of Force**

Plaintiff attempts to bring excessive force claims concerning his alleged altercation with Defendant Cavendish. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Whether [a defendant's] alleged conduct constitute[s] excessive force in violation of the Eighth Amendment depends on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Relevant factors in this analysis include "'the need for application of force, the relationship between that need and the amount of force used, the threat reasonably

5

perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *United States v. Bunke*, 412 F. App'x 760, 765 (6th Cir. 2011).

A claimant need not establish a "significant injury" to prove an excessive force violation. *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010). The Supreme Court, however, has provided as follows:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. *Id.* at 7, 112 S.Ct. 995. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Ibid.*(quoting *Whitley*, 475 U.S. at 321, 106 S.Ct. 1078). The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9, 112 S.Ct. 995. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Ibid.* (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Ibid*. (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)).

*Id.* Furthermore, at least one Court of Appeals has noted that in considering claims for excessive force, a court should give "a wide range of deference to prison officials acting to preserve discipline and security . . . ." *Williams v. Slack*, No. 10–13201, 2011 WL 3684543, at *2 (11th Cir. Aug. 23, 2011).

Here, Defendants have established that no genuine dispute exists as to Plaintiff's excessive force claim. Defendants have submitted the Declaration of Defendant Cavendish in which he provides a detailed account of the events that took place on May 8, 2010. Defendant Cavendish's Declaration indicates that Plaintiff was in an area in which he was not authorized to be and became belligerent. According to Defendant Cavendish, the only force he used in response to this situation was placing handcuffs on Plaintiff in accordance with ODRC policy

6

and procedure. Additionally, the medical record evidence indicates that the injury Plaintiff's Complaint attributes to the incident existed prior to May 8, 2010. This corroborates Defendant Cavendish's statement that he did not apply force.

Plaintiff has failed to respond to Defendant Cavendish's account of events and has failed to respond to the evidence indicating that his forehead injury was pre-existing. Based on the evidence currently before the Court, a reasonable jury could not conclude that Defendant Cavendish acted maliciously or sadistically to cause Plaintiff harm. Accordingly, there is no genuine dispute as to any material fact relating to Plaintiff's excessive force claims and Defendants are entitled to judgment as a matter of law.

## C.     Deliberate Indifference to Serious Medical Needs

Plaintiff also attempts to bring claims against Defendants Wexford and Dr. Eddy, concerning his medical treatment. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained the standard as follows:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at

896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. Along similar lines, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Here, Defendants are entitled to judgment as a matter of law on Plaintiff's medical treatment claims.[4] Contrary to the assertions within Plaintiff's Complaint, the evidence before the Court indicates that Dr. Eddy is a qualified doctor. Furthermore, the evidence clearly reflects that Plaintiff received both treatment and regular follow-up concerning his alleged injuries. Following examination of Plaintiff, Dr. Eddy concluded that only minimal medication was necessary. Both Drs. Murray and Eddy have stated that in their medical opinions, Plaintiff's treatment met the necessary standard of care and did not cause or contribute to any of his alleged injuries.

---

[4] Although based on his civil cover sheet Plaintiff appears to be bringing claims under § 1983, to the extent Plaintiff is attempting to bring state-law claims for medical malpractice, Defendants are also entitled to summary judgment. Defendants have provided evidence from both Drs. Murray and Eddy that the medical treatment Plaintiff received met the applicable standard of care. Plaintiff has not produced any evidence indicating that his medical treatment fell short of this standard.

Once again, Plaintiff has failed to respond to Defendants' assertions and evidence. Based on the current record, there is simply no evidence that Defendants were deliberately indifferent to Plaintiff's medical needs. At most, Plaintiff appears to have a difference of opinion with his medical providers as to the proper course of treatment. Tellingly, Plaintiff has provided no medical evidence supporting his opinion. Accordingly, judgment as a matter of law is appropriate as to Plaintiff's claims against Dr. Eddy and any derivative claims against Defendant Wexford.

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Defendants Motions for Summary Judgment (ECF Nos. 40, 43) and remove this action from the Court's pending case list.

## V.  NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: November 21, 2011  /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge